IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY G. MEJIA, | No. C 14-3304 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| M.E. SPEARMAN, | (Docket No. 6) |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board") in a parole suitability hearing 2013. The petition was liberally construed to assert a claim that the Board had not allowed petitioner the opportunity to be heard at the hearing in violation of his right to due process. *See Swarthout v Cooke*, 131 S.Ct. 859, 862-63 (2011) (due process ensures right to be heard at parole suitability hearing). Respondent was ordered to show cause why the petition should not be granted and has filed a motion to dismiss the petition as moot because after filing his petition, petitioner's application for an advanced parole hearing was granted and a new hearing was held (Resp. Exh. 1). Petitioner has not opposed the motion.

Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings, meaning that the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case becomes moot "when the parties lack a legally cognizable interest in the

outcome." *Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (citations omitted). Where the Board violates due process at a parole suitability hearing, their only available remedy is "a new, properly conducted parole hearing" because that "the *only* expectation a prisoner has under California law." *Haggard v. Curry*, 631 F.3d 931, 938 (9th Cir. 2010) (per curiam) (emphasis in original) (citing *In re Prather*, 50 Cal. 4th 238 (2010)) (holding that Board violated due process and petitioner only entitled to new hearing not release on parole). The only relief available to petitioner if he succeeds on his claim in the instant petition is a "new, properly conducted hearing." Respondent contends that petitioner has already received this relief and shows that the Board granted his request for an advanced hearing and held a new hearing on November 4, 2014, and (Resp. Ex. 1). Petitioner does not dispute this contention. Accordingly, as there is no dispute that petitioner has already received a new, properly conducted parole hearing, the only relief to which he is entitled, the petition is now moot. The motion to dismiss the petition as moot (dkt. 6) is **GRANTED**.

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   24  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE